[615 NYS2d 193]

In the Matter of TIMOTHY K. BURGESS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 15, 1994

### APPEARANCES OF COUNSEL

*Daniel A. Drake,* Rochester, for petitioner.

*Timothy K. Burgess,* Columbia, South Carolina, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on

December 6, 1965 and maintained an office for the practice of law in Rochester until his suspension on July 13, 1990, for two years and until further order of the Court based on his admitted conversion of client funds (Matter of Burgess, 159 AD2d 4). No application for reinstatement has been made.

Subsequent to the entry of the order suspending respondent, a petition containing four additional charges of misconduct was filed with this Court. Respondent denied the material allegations of the petition and a Referee was appointed to conduct a hearing on the issues of fact raised by the pleadings. The Referee filed his report, which petitioner moves to confirm. Respondent moves to confirm in part and modify in part the Referee's report.

The Referee found that respondent converted the funds of two clients whom he represented in separate real estate transactions, that he converted the funds of a client whom he represented in connection with a dispute involving a building contractor, and that he converted the funds of an incapacitated client whom he represented as guardian ad litem. Additionally, the Referee found that respondent failed to follow the Court's instructions to deposit the incapacitated client's funds into an interest-bearing account and to prepare and file the necessary papers for the appointment of a conservator. He also found that respondent provided an inaccurate accounting to the Grievance Committee regarding those funds.

We grant petitioner's motion and confirm the Referee's report and conclude that respondent has violated the following provisions of the Code of Professional Responsibility, effective January 1, 1970, as amended April 28, 1978: A. DR 1-102 (A) (4)—conduct involving deceit and dishonesty; B. DR 1-102 (A) (6)—conduct that adversely reflects on his fitness to practice law; C. DR 6-101 (A) (3)—neglecting a legal matter entrusted to him; D. DR 7-106 (A)—failing to follow a court order; E. DR 9-102 (A)—commingling client funds with his own; and F. DR 9-102 (B) (3) and (4)—failing to preserve and maintain client funds and failing to maintain records related to such funds.

Additionally, we conclude that respondent violated the following Rules of this Court, in effect at the time that the misconduct occurred: A. 22 NYCRR 1022.5 (a)—commingling client funds with his own; and, B. 22 NYCRR 1022.5 (b)—failing to maintain appropriate records relating to client funds.

We note that one of respondent's defalcations occurred during the pendency of the prior disciplinary proceeding before this Court and that he failed to disclose the additional misappropriations to the Grievance Committee during its previous investigation, thereby exacerbating the misconduct.

Accordingly, we conclude that respondent should be disbarred and direct entry of an order of restitution pursuant to Judiciary Law § 90 (6-a) in the amounts itemized in the Referee's report.

DENMAN, P. J., GREEN, BALIO, LAWTON and CALLAHAN, JJ., concur.

Order of disbarment entered.